**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**William T. PETROFF, Defendant—**
**Appellant.**

No. 04–30177.

D.C. No. CR–03–00012–DWM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2005.

Decided Aug. 4, 2005.

Marcia Good Hurd, Esq., USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff—Appellee.

John P. Rhodes, Esq., FDMT—Federal Defenders of Montana, Missoula, MT, for Defendant—Appellant.

Before B. FLETCHER, MCKEOWN, and GOULD, Circuit Judges.

MEMORANDUM *

William T. Petroff appeals his conviction and sentence for willful failure to pay child

support. We affirm the conviction but vacate the sentence.

Petroff argues that Congress lacked power to enact the statute under which he was convicted, 18 U.S.C. § 228(a)(3). He raises this claim solely to preserve the argument on appeal; as he acknowledges, the claim is foreclosed by *United States v. Mussari,* 95 F.3d 787 (9th Cir.1996). We therefore affirm the conviction.

Petroff claims that his sentence is unconstitutional under *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and that the district court misapplied two provisions of the United States Sentencing Guidelines. Because we conclude that the district court misapplied U.S.S.G. § 2B1.1(b)(8)(A), we vacate Petroff's sentence and decline to reach the remaining issues.

The relevant Guideline provision requires a two-level enhancement if "the defendant relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement or regulatory officials." U.S. Sentencing Guidelines Manual § 2B1.1(b)(8)(A) (2003). The district court found that this provision applied to Petroff because he evaded law enforcement in several states by providing misspellings of his name and using different Social Security numbers. We disagree. Although it may be said that Petroff's crude attempts to conceal his identity in several states constituted a "fraudulent scheme" to "evade law enforcement or regulatory officials," the commentary associated with the introduction of the relevant language to the Guidelines clearly indicates that the "fraudulent scheme" that the defendant must have "relocated" is the underlying offense itself, not some ancillary fraud to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cover it up. *See id.* app. C, amend. 577 (adding the language found in April 2004 at § 2B1.1(b)(8) and explaining, in relevant part, that "this amendment provides an increase for *fraud offenses* that involve conduct, such as sophisticated concealment, that makes it difficult for law enforcement authorities to discover the offense or apprehend the offenders" (emphasis added)). Petroff's offense—the willful failure to pay child support—is not itself a "fraudulent scheme." The only "fraudulent scheme" here was Petroff's attempt to avoid apprehension. That is not conduct to which the relevant Guideline provision was designed to apply.

We have held that a pre-*Booker* misapplication of the Guidelines still requires that the resulting sentence be vacated, notwithstanding the transformations in sentencing law wrought by *Booker*. *See United States v. Ameline*, 409 F.3d 1073, 1085–86 (9th Cir.2005) (en banc); *United States v. Kimbrew*, 406 F.3d 1149, 1154 (9th Cir.2005). We therefore vacate Petroff's sentence and remand to the district court, which shall resentence Petroff in accordance with this disposition and with *United States v. Booker*. Because Petroff's original sentence is close to expiring, the case must be addressed expeditiously, and so we order the mandate to issue forthwith.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.

The mandate shall issue forthwith.